Filed 5/13/21  C.M. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| C.M.,<br><br>      Petitioner,<br><br>           v.<br><br>THE SUPERIOR COURT OF TULARE COUNTY,<br><br>      Respondent;<br><br>TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>      Real Party in Interest. | F082422<br><br>(Super. Ct. No. JJV073194A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Hugo J. Loza, Judge.

C.M., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]      Before Peña, Acting P.J., Smith, J. and Snauffer, J.

Petitioner, C.M. (mother), seeks an extraordinary writ from the juvenile court's order setting a Welfare and Institutions Code section 366.26 hearing[1] as to her now eight-year-old daughter, A.M. Mother does not challenge the court's rulings but states her preference that A.M. be placed with one of the maternal grandparents. We conclude mother's petition fails to comport with the procedural requirements of California Rules of Court, rule 8.452[2] regarding extraordinary writ petitions and dismiss the petition.

### PROCEDURAL AND FACTUAL SUMMARY

Seven-year-old A.M. was removed from the custody of her legal guardian, Helen R., in October 2020 and placed with a nonrelative extended family member after she cut herself with a piece of glass. She had been in Helen's care since she was six months old. She also made suicidal threats, stating she wanted to kill herself with a knife. A.M. did not believe Helen loved her and Helen did not think she could give A.M. the attention she needed. A.M. was receiving mental health services and being assessed for psychotropic medication. Mother was notified of A.M.'s removal and expressed an interest in regaining custody of her. A.M.'s father was deceased.

In January 2021, the juvenile court adjudged A.M. a dependent child under section 300, subdivisions (c) (serious emotional damage) and (g) (no provision for support) and terminated the legal guardianship. Mother was in jail, having been arrested the previous month. The court continued the dispositional hearing to February 9, 2021.

The agency recommended the juvenile court deny mother reunification services because she was incarcerated with no release date. (§ 361.5, subd. (e)(1).) In addition, A.M. did not want to visit mother even before the guardianship was terminated and mother had not been a consistent figure in her life. Therefore, providing mother services

---

[1] Statutory references are to the Welfare and Institutions Code.

[2] Rule references are to the California Rules of Court.

would not serve A.M.'s best interest. The agency recommended the court set a section 366.26 hearing and consider a plan of adoption with the care providers.

On February 9, 2021, at an uncontested dispositional hearing, the juvenile court adopted the agency's proposed findings and orders and set a section 366.26 hearing for May 25, 2021.

## DISCUSSION

The purpose of extraordinary writ proceedings is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's orders and findings issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).)

Rule 8.452, which sets forth the content requirements for an extraordinary writ petition, requires the petitioner to identify the error(s) he or she believes the juvenile court made and to support each alleged error with argument, citation to legal authority, and citation to the appellate record. (Rule 8.452(b).) In keeping with rule 8.452(a)(1), we will liberally construe a writ petition in favor of its adequacy where possible, recognizing that a parent representing him or herself is not trained in the law. Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and the reviewing court need not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Mother's writ petition is facially inadequate under rule 8.452 because she does not claim the juvenile court erred in setting a section 366.26 hearing. Indeed, the court has no choice but to set a section 366.26 hearing if it denies the parents reunification services. (§ 361.5, subd. (f).) Rather, mother expresses her preference that A.M. be placed with one of her maternal grandparents.

As a reviewing court, we do not decide placement of children in juvenile court proceedings. Those decisions are made by the juvenile court in conjunction with the

3.

supervising agency. Moreover, we do not independently review the appellate record for possible errors. (*In re Sade C*., *supra*, 3 Cal.4th at p. 994.) Consequently, since mother does not contend the juvenile court erred, we will dismiss the petition as facially inadequate for appellate review.

## DISPOSITION

The petition for extraordinary writ is dismissed as inadequate under rule 8.452. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).